UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 13-33-HRW

KENTUCKY FUEL CORPORATION,                                    PLAINTIFF,

v.                    MEMORANDUM OPINION AND ORDER

CELTIC MARINE CORPORATION,                                    DEFENDANT.

This matter is before the Court upon Defendant's Motion to Transfer [Docket No.
13]. For the reasons stated herein, this Court finds transfer to the United States District
Court for the Eastern District of Louisiana to be appropriate.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a series of contracts and agreements between Kentucky Fuel
Corporation ("KFC") and Celtic Marine pertaining to the carriage of Plaintiff's cargo.

In February 2011, KFC entered into a contract with Celtic Marine entitled "Service
Agreement," numbered 0216 ("2011 Spot Contract") [Docket No. 13-2]. Pursuant to the
2011 Spot Contract, Celtic Marine agreed to arrange for the transportation of
approximately 80,000 short tons of KFC's metallurgical coal on approximately 48 barges
from Kentucky to Louisiana from April 25, 2011 through May 16, 2011.

In April 2011, KFC entered into another contract with Celtic Marine entitled
"2011 Annual Service Agreement," numbered 11-0148 ("2011 Service Agreement")
[Docket No. 13-3]. Under the 2011 Service Agreement, Celtic Marine agreed to arrange

for the transportation of approximately 1,050,000 short tons of KFC's metallurgical coal

on approximately 650 barges from Kentucky and West Virginia to Louisiana, from June

2011 through December 2011.

These contracts contain the following provisions:

APPLICABLE LAW: The parties to this Contract hereby agree that this
Contract and all claims and disputes arising under, in connection with, or
incident to this Contract, shall be governed by and construed pursuant to the
general maritime law of the United States or, in the event the choice of
general maritime law is deemed unenforceable, by the laws of the State of
Louisiana, excluding any choice of law rule that may direct the application
of the laws of any other state or country.

EXCLUSIVE JURISDICTION: The parties to this Contract hereby agree
that all claims and disputes arising under, in connection with, or incident to
this Contract, shall be filed in a federal court in the State of Louisiana, to
the exclusion of any other courts in any state or country. In the event the
federal courts of Louisiana are deemed not to have subject matter
jurisdiction, the parties agree that the aforementioned claims shall be filed
in a state court in the State of Louisiana. Buyer [KFC] hereby agrees to
subject itself to personal jurisdiction in the federal and state courts in
Louisiana for any claims or disputes arising hereunder.

In December 2011 Celtic Marine brought a lawsuit against KFC and its parent

company, James C. Justice Companies, Inc. alleging a breach of these contracts. Pursuant

to the provisions quoted above, the lawsuit was filed in the United States District Court

for the Eastern District of Louisiana. [*See* Complaint, Docket No. 13-4].

In February 2012, a settlement was reached ("February Settlement Agreement")

[Docket No. 13-9]. As part of the settlement agreement, KFC agreed to execute a new

service agreement, entitled "2012 Annual Service Agreement," numbered 12-0139 ("2012

Service Agreement") [Docket No. 13-5]. Per the agreement, KFC agreed to ship a

minimum of 420,000 short tons of metallurgical coal at 40,000 short tons per month from

Tennessee to Louisiana from May 1, 2012 through March 15, 2013, the transportation of

which Celtic Marine would arrange. The 2012 Service Agreement contained the

following provisions:

> APPLICABLE LAW: The parties to this Agreement hereby agree that this
> Agreement and all claims and disputes arising under, in connection with, or
> incident to this Agreement, shall be governed by and construed pursuant to
> the general maritime law of the United States or, in the event the choice of
> general maritime law is deemed unenforceable, by the laws of the State of
> Louisiana, excluding any choice of law rule that may direct the application
> of the laws of any other state or country.

> EXCLUSIVE JURISDICTION: The parties to this Agreement hereby
> agree that all claims and disputes arising under, in connection with, or
> incident to this Agreement, shall be filed in a federal court in the State of
> Louisiana, to the exclusion of any other courts in any state or country. In the
> event the federal courts of Louisiana are deemed not to have subject matter
> jurisdiction, the parties agree that the aforementioned claims shall be filed
> in a state court in the State of Louisiana. Buyer [KFC] hereby agrees to
> subject itself to personal jurisdiction in the federal and state courts in
> Louisiana for any claims or disputes arising hereunder and waives any
> objections it might otherwise have to personal jurisdiction and venue in the
> courts, federal or state, of Louisiana.

> Another agreement was then executed ("2012 Spot Contract") [Docket No. 13-7]

and, again, contained the forum selection clause:

> APPLICABLE LAW: The parties to this Agreement hereby agree that this
> Agreement and all claims and disputes arising under, in connection with, or
> incident to this Agreement, shall be governed by and construed pursuant to
> the general maritime law of the United States or, in the event the choice of
> general maritime law is deemed unenforceable, by the laws of the State of
> Louisiana, excluding any choice of law rule that may directthe application
> of the laws of any other state or country.

> EXCLUSIVE JURISDICTION: The parties to this Agreement hereby
> agree that all claims and disputes arising under, in connection withdent to

this Agreement, shall be filed in a federal court in the State of Louisiana, to the exclusion of any other courts in any state or country. In the event the federal courts of Louisiana are deemed not to have subject matter jurisdiction, the parties agree that the aforementioned claims shall be filed in a statcourt in the State of Louisiana. Buyer [KFC] hereby agrees to subject itself to personal jurisdiction in the federal and state courts in Louisiana for any claims or disputes arising hereunder and waives any objections it might otherwise have to personal jurisdiction and venue in the courts, federal or state, of Louisiana.

Subsequently, additional disputes arose about new sums owed by KFC and its parent company under not only the February Settlement Agreement, but also the 2012 Service Agreement and 2012 Spot Contract. The parties entered into a second settlement agreement in October 2012 to resolve all remaining disputes over unpaid sums owed to Celtic Marine [Docket no. 13-11]. Under the terms of both the February Settlement Agreement and the October Settlement Agreement, Celtic Marine's claims arising out of the 2011 Service Agreement, 2011 Spot Contract, 2012 Service Agreement, and 2012 Spot Contract would be released only if KFC and Justice fully complied with all terms and conditions of the settlement agreements. In addition, the October Settlement Agreement specified that any actions to enforce the settlement agreements or actions for breach of the settlement agreements "must be filed in a federal or state court in the State of Louisiana, to the exclusion of any other courts in any other state or country."

Incorporated into the October Settlement Agreement were cross-guarantees executed by both KFC and its parent corporation, Justice. In the cross-guarantees, KFC and Justice guaranteed that each would fulfill the obligations of the other under the October Settlement Agreement, of which Justice has been held in breach by the Eastern

District of Louisiana. KFC and Justice also agreed that "all claims and dispute arising under, in connection with, or incident to th[e] Guaranty, shall be governed by and construed pursuant to the laws of the State of Louisiana." The guarantees each contained a mandatory venue provision requiring that "all claims and disputes arising under, in connection with, or incident to th[e] Guaranty, shall be filed in a federal court in the State of Louisiana, to the exclusion of any other courts in any other state or country." In the cross-guarantees, both KFC and Justice agreed to subject themselves to personal jurisdiction in the federal and state courts in Louisiana.

Further disputes arose and Celtic Marine sought to reopen the litigation in the Eastern District of Louisiana. On March 26, 2013, that court granted both motions, holding KFC's parent corporation, Justice, in breach of the settlement agreements. The litigation arising out of the 2011 Service Agreement and 2011 Spot Contract remains pending in that court. Also pending in that litigation, are Celtic Marine's claims of breaches of the 2012 Service Agreement and 2012 Spot Contract.

Meanwhile, KFC filed this civil action, alleging that Celtic failed to handle the coal properly, resulting in a substantial reduction of its value, perhaps even a total loss.

Celtic Marine seeks entry of an Order transferring this matter to the Eastern District of Louisiana.

## II.   THE FORUM SELECTION CLAUSE APPLIES TO THIS LITIGATION.

The various contracts and agreements between the parties contain provisions regarding where disputes will be adjudicated, specifically, in Louisiana. These provisions

are known as "forum selection clauses" and are common in agreements between large commercial entities. "A forum selection clause should be upheld absent a strong showing that it should be set aside." *Carnival Cruise Lines v. Shute,* 499 U.S. at 585, 595 (1991). "When evaluating the enforceability of a forum selection clause, this court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir.1999). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir.1995).

There is simply no evidence in the record that the forum selection clause was obtained by fraud, duress or is otherwise the product of coercion. Nor is there an allegation that the Louisiana courts are somehow ill-equipped to preside over this litigation. As for "serious inconvenience." Plaintiff can hardly make such an argument as there is litigation between these very parties percolating in the Eastern District of Louisiana.

In an attempt at an end-run around the forum selection clause, KFC maintains that it is the October Settlement Agreement, which contains a more limited forum selection clause, controls. Instead of requiring all disputes arising out of the prior agreements to be litigated in Louisiana federal court, the provision in the October Settlement Agreement

requires only that actions "to enforce this Agreement or to obtain damages for breach of this Agreement" be filed in either the state or federal courts of Louisiana.  KFC contends that the October Settlement Agreement, discharged the parties' earlier agreements and rendered the provisions and requirements of those earlier agreements moot.

However, the October Settlement Agreement contains no provision which provides that it superceded prior contracts.  KFC an affidavit from Steve Ball, the vice president of operations of KFC and the vice president of operations of Justice, who signed all of the contracts and guarantees at issue.  Mr. Ball states that Justice, a corporation, "believes and has argued" that the October Settlement Agreement supplanted the prior agreements between the parties.   Unfortunately, Mr. Ball's statement as to what a corporation believes, if, indeed a corporation can have beliefs, is not sufficient as evidence that the October Settlement Agreement superceded all prior agreements.

Nor does KFC provide any documentary evidence of the alleged modification of the contracts, and there is no legal basis for its claim. The October Settlement Agreement did not alter the parties' contractual requirements for the litigation of disputes arising from the contracts for transportation of KFC's cargo. It did not limit the applicability of the prior forum selection clauses.

As Defendant point out, it is axiomatic that a settlement agreement cannot "supercede" a contract that is breached, and there is absolutely no merit in the argument that a settlement agreement, which itself has been breached, supercedes the contracts which that party breached.

The October Settlement Agreement allowed for KFC and Justice's release from those contracts and guarantees if they complied with all terms of the settlement agreement, which, based upon the record before the Court, they have not done. As those contracts are in effect, and contain mandatory venue provisions, they require transfer of this litigation to the Eastern District of Louisiana.

KFC has not met its burden to show that the forum selection clauses should not be enforced.

## III.   UNDER 28 U.S.C. 1404 (a), TRANSFER OF THIS MATTER IS APPROPRIATE.

Section 1404(a) states that, "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court...where it might have been brought." In ruling upon a motion to transfer based on Section 1404(a), several factors may be considered by the court, including 1) convenience of the parties and witnesses, 2) accessibility of sources of proof. 3) costs of securing testimony from witnesses, 4) practical problems associated with trying the case in the least expensive and most expeditious manner, and 5) the interests of justice. *Kentucky Speedway, L.L.C. v. National Ass'n of Stock Car Auto Racing*, 406 F.Supp.2d 751, 755 (E.D. Ky. 2005).

The Court is mindful that "the presence of a forum selection clause...will be a *significant factor* that figures centrally in the district court's calculus." *Stewart Org., Inc. v. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

"The parties' convenience is already reflected in the mandatory forum selection

clause." *Id.* at 31(stating that forum selection clause "represents the parties' agreement as to the most proper   forum"). By entering into agreements containing forum selection clauses, KFC agreed to litigate any claims or disputes arising out of those agreements in Louisiana.

Moreover,  "[c]ourts have generally considered the ability to avoid duplicative litigation through transfer to be a *weighty* factor in the §1404(a) calculus." *Limited Service Corp. v. M/V APL PERU*, 2010 WL 2105362, *5 (S.D. Ohio 2010) (emphasis added). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that §1404(a) was designed to prevent." *U.S. v. Kunkle*, 2006 WL 416259, *3 (W.D. Mich. 2006)(*citing Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). The courts "generally hold that the existence of a related litigation in a transferee court weighs heavily in favor of transfer, especially when cases may be consolidated." *Id*.

A plain reading of KFC's complaint in this litigation demonstrates  that the same allegations are relevant to the litigation in Louisiana. The arguments raised by Justice seem to be an attempt to avoid paying the damages that the court held it owed Celtic Marine and arise from the same issues that KFC wants this court to address.  In the instance case, KFC has alleged that Celtic Marine is responsible to KFC for damages resulting from the alleged improper handling, securing and delivery of KFC's cargo, damages which are clearly not available under the contracts. According to KFC, Celtic

Marine's actions in allegedly improperly handling KFC's cargo have rendered the cargo unmarketable.

Actions regarding the movements and handling of KFC's cargo appear to be the crux of Louisiana litigation. The amounts which Justice has been ordered to pay in the Louisiana litigation arose out of the multiple movement orders. KFC now seeks to place these actions at issue here. It would appear that should this Court retain his case, judicial economy would not be served. Rather, much of the work necessary to determine the validity of each party's claims and allegations will be substantially duplicated by two different courts. Moreover, there is a risk of conflicting rulings and findings, which certainly is not in the interest of justice for any party.

## III. CONCLUSION

Celtic Marine's arrangement for the transportation of KFC's cargo, and the terms and conditions of that arrangement, is governed by the terms of the agreements between the parties, *i.e.*, the 2011 Service Agreement, the 2011 Spot Contract, the 2012 Service Agreement, and the 2012 Spot Contract. Each and every agreement between Celtic Marine and KFC contains a forum selection clause providing that any claims and disputes arising under each agreement be brought in a federal court in Louisiana. KFC's cross-guaranty of Justice's October Settlement Agreement obligations contains an exclusive and mandatory venue provision requiring that any disputes be brought in a federal court in Louisiana. The cross-guaranty also mandates the application of Louisiana law to those disputes. There is no evidence that the forum selection clauses are invalid or

unenforceable. In clear violation of these mandatory provisions, KFC filed this diversity action, which arises from the agreements between it and Celtic Marine, in the Eastern District of Kentucky. Therefore, this matter will be transferred to the forum agreed upon the parties.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer [Docket No. 13] be **SUSTAINED** and that this matter be **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana.

This 25th day of November, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge